UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIE CURTIS,

        Petitioner,                       Case No. 1:17-cv-964

v.                                                   Honorable Robert J. Jonker

THOMAS WINN,

        Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

    I.        Factual Allegations

Petitioner Willie Curtis is incarcerated with the Michigan Department of Corrections at the Saginaw Correctional Facility (SRF) in Freeland, Michigan. On June 30, 2005, Petitioner entered a plea of guilty to one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and acknowledged that he was a habitual offender and that this was his second offense, MICH. COMP. LAWS § 769.10. In exchange for Petitioner's plea, the prosecutor dismissed two counts of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d.

On July 27, 2005, the court imposed sentence. At the beginning of the hearing, the prosecutor and defense counsel informed the judge that the parties agreed to dismissal of the habitual offender-second offense designation. The change reduced the maximum sentence from 30 years to 20 years. It also lowered the upper limit of the minimum sentence range. All of the paperwork, however, had been prepared to reflect a sentence based on Petitioner's status as a habitual offender-second offense. The sentencing hearing transcript reflects the efforts of the parties and the court to alter the documents to conform to the dismissal of the habitual offender notice. The court sentenced Petitioner to a term of imprisonment of 3 to 20 years. The Ingham County Circuit Court docket indicates that the minimum sentence imposed represented a downward departure from the guidelines range.

Petitioner did not appeal his conviction or sentence.

On January 27, 2015, Petitioner filed a habeas corpus petition in this Court challenging the MDOC's requirement that he complete a sex offender program. *Curtis v. Gidley*,

No. 1:15-cv-129 (W.D. Mich.) (Pet., ECF No. 1.) In that petition, however, Petitioner did not challenge the validity of his conviction or the sentence imposed upon him by the Ingham County Circuit Court. The Court dismissed the action because it concerned the conditions of Petitioner's confinement rather than its fact or duration. *Curtis v. Gidley*, No. 1:15-cv-129 (W.D. Mich.) (Op. & J., ECF Nos. 7 & 9).

On November 6, 2017, Petitioner filed this habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on November 2, 2017. (Pet., ECF No. 1, PageID.14.)

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). ). Petitioner did not appeal his conviction or sentence. Consequently, the judgment of conviction became final one year later, when the time for appealing his conviction expired. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."). Consequently, his judgment of conviction became final on July 27, 2006, and the one-year deadline for filing his habeas petition expired on July 27, 2007. Petitioner filed his application on November 2, 2017. Obviously, he filed long after the statute of limitations expired.

Anticipating the time bar that follows if the period of limitation is measured from the date provided under § 2244(d)(1)(A)--the date the judgment became final--Petitioner argues

4

the period of limitation should be measured from the date provided under § 2244(d)(1)(D): "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Consideration of that claim requires an understanding of the nature of Petitioner's constitutional challenge to his conviction and sentence.

Petitioner contends that his initial Judgment of Sentence/Commitment to Corrections Department (J & C), entered on the Ingham County Circuit Court docket on July 27, 2005, accurately reflected the sentence imposed, 3 to 20 years, and the crime for which it was imposed, first-degree home invasion. Petitioner also contends that the initial J & C did not include any reference to a finding that Petitioner was a habitual offender-second offense under MICH. COMP. LAWS § 769.10.[1]

Petitioner contends, and the Ingham County Circuit Court docket reflects, that on September 15, 2006, the J & C was amended "as to Habitual II." (Am. J & C, ECF No. 1-1, PageID.24.) Petitioner attaches a document to his petition that purports to be the Amended J & C. The crime is listed as "Home Invasion 1st/Hab II" and the MCL citations are listed as "750.110A2/769.10." (*Id*.) The sentence remained the same and the trial court docket reflects in several places that the prosecutor agreed to dismiss the Habitual 2nd. Petitioner claims that the trial court's amendment of the J & C to include the reference to "Hab II" and MICH. COMP. LAWS § 769.10 is a violation of Michigan Court Rule 6.429(A); thus, his sentence is invalid and his continued imprisonment is a violation of his Eighth and Fourteenth Amendment rights.

Under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his

---

[1] It is not possible to determine if Petitioner's representations with regard to the initial J & C are accurate, because Petitioner does not provide the initial J & C.

5

claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Petitioner acknowledges that the J & C amendment occurred on September 15, 2006. Nonetheless, he claims he could not have raised the claim until April 28, 2017, when the plea and sentencing hearing transcripts were prepared for purposes of his appeal of the trial court's denial of Petitioner's motion for relief from judgment. Petitioner claims the transcripts are "newly discovered evidence." (Pet., ECF No. 1-1, PageID.17.) He claims further that he did not learn about the "Habitual 2nd issue" until he saw the transcripts. (*Id.*)

Although the transcripts may be newly available, the key information from the plea and sentencing hearings—that Petitioner entered a plea of guilty to the habitual offender-second offense notice, but then the parties agreed to dismiss the notice—was known to Petitioner on July 27, 2005. Petitioner does not claim that the amended J & C was a surprise. But even if he were immediately unaware of it, the fact that the court docket included conflicting information about the Habitual 2nd issue was a matter of public record for over ten years before Petitioner raised it. Moreover, the Ingham County Circuit Court docket reflects an entry on October 10, 2013, indicating that Petitioner was furnished with a copy of the Amended J & C. Petitioner even attached it to his first habeas petition filed in January of 2015. Petitioner's claim that he did not and could not discover the factual support for his claim until April of 2017 when the plea and sentencing transcripts were prepared is simply disingenuous. At a minimum, Petitioner has failed to carry his burden of demonstrating that he could not have discovered the factual predicate of his claim through the exercise of due diligence until the transcripts were prepared during April of 2017.

Petitioner's claim is premised on the content of the Amended J & C, not the plea and sentencing transcripts. Petitioner could have discovered that factual predicate as soon as it became public record in September of 2006. At the latest, however, he should have discovered it

7

when he received the Amended J & C from the trial court during October of 2013. Using either of those dates as the date Petitioner's statute of limitation began to run, his petition would be untimely.

The statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed motions for clarification of and then relief from judgment in the Ingham County Circuit Court on October 13, 2016, and December 19, 2016, respectively, long after the limitations period expired. Although such motions can toll the statute of limitations, they cannot toll a limitations period that has already expired. In other words, such a motion does not "restart" the clock; it can only pause a clock that has not fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Consequently, Petitioner's motions for clarification of, or for relief from, judgment did not toll the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim he is innocent, only that his sentence is invalid. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred. Even if the petition were timely, Petitioner would not be entitled to relief. Petitioner acknowledges that he has not exhausted his state-court remedies with respect to the single issue he raises in his petition. (Pet., ECF No. 1, PageID.10-11, 17.) His application for leave to appeal regarding the trial court's denial of his motion for relief from judgment remains pending in the Michigan Supreme Court. Moreover, Petitioner suggests that the issue as presented here and in the Michigan Supreme Court has never been presented to the trial court or the state court of appeals. (*Id.*, PageID.6.) Additionally, even if Petitioner could establish that the habitual offender-second offense designation were wrongfully included in his sentence, that state-law error would not be cognizable on habeas review. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Finally, even if the alleged error were cognizable on federal habeas review, it appears to be harmless. Petitioner never suffered the intended consequences of the habitual offender-second offense designation. His statutory maximum sentence was not increased nor was the maximum end of his range of sentences on the minimum end altered. He was sentenced as if he were a first-time offender. If he were to be found guilty of additional felony offenses, his habitual offender status would then be determined by the number of preceding felonies, not by his prior habitual offender designation. To the extent there are collateral consequences that follow the habitual offender-second offense designation, Petitioner has not identified them.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

III. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated: December 14, 2017                             /s/ RAY KENT
                                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).